CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
MAR 26 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONNELL D. JOHNSON, | ) | Civil Action No. 7:10-cv-00127 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Donnell D. Johnson, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff alleges that the defendants, various administrators and correctional officers for the Virginia Department of Corrections ("VDOC"), violated due process by confiscating his DVD. After screening plaintiff's submissions pursuant to 28 U.S.C. § 1915A(b)(1), I dismiss the complaint as frivolous.

I.

Plaintiff alleges the following facts in his complaint. VDOC staff confiscated his DVD, and a correctional officer told him that he could send the DVD home if he could prove ownership. Plaintiff gathered his records and showed the officer that he owned the DVD. The officer told plaintiff he could direct the property officers to send the DVD home, but the property officers told plaintiff they no longer had the DVD. Plaintiff inquired further and was told that the DVD was considered contraband,[1] plaintiff could not mail it home, and it would be destroyed. Plaintiff alleges that the defendants violated VDOC policy and his Fourteenth Amendment right to due process by confiscating the DVD. Plaintiff requests as relief $100,000 and to be allowed

---

[1] A review of plaintiff's attached grievances reveals that petitioner acknowledges that the DVD was pornographic. (Compl. 30, 50.)

to mail the DVD home.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Allegations that prison officials intentionally or negligently deprived an inmate of his property do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff possesses a post-deprivation remedy under Virginia law, the Virginia Tort Claims Act ("VTCA"). See Va. Code § 8.01-195.3. "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, plaintiff can not prevail with a constitutional claim under § 1983 against VDOC officials based on the alleged property loss in

2

this case.² See Artis v. Mapp, No. 91-6016, 1991 U.S. App. LEXIS 7122, at *1 (Apr. 24, 1991) (per curiam) (affirming with modification that inmate's complaint about the state's deprivation of his property is frivolous because of availability of post-deprivation remedy). Furthermore, a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741, 752-53 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, I dismiss the complaint as frivolous because plaintiff's complaint has no arguable basis in law or fact.³

III.

For the foregoing reasons, I dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any state law claim related to the allegations in this complaint, pursuant to 28 U.S.C. § 1367(c)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This ___ day of March, 2010.

_____
Senior United States District Judge

---

²Even if the VDOC officials confiscated the pornographic DVD as contraband, that confiscation does not violate plaintiff's Fourteenth Amendment right to due process. See Hanvey v. Blankenship, 631 F.2d 296, 297 (4th Cir. 1980) (affirming dismissal of § 1983 complaint alleging due process violation when VDOC confiscated contraband); Va. Code § 53.1-26 (authorizing VDOC Director the discretion to define and confiscate contraband).

³I deny plaintiff's motion for leave to proceed in forma pauperis as moot.